United States District Court
Southern District of Texas
**ENTERED**
April 29, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Matthew Bader, § § § *Plaintiff,* § § v. § § Rocket Mortgage, LLC, § § *Defendant.* § § | Civil Action No. 4:25-cv-00006 |

## MEMORANDUM AND RECOMMENDATION

On February 24, 2025, Defendant Rocket Mortgage, LLC filed a motion to dismiss all claims. Dkt. 10. Because Plaintiff Matthew Bader did not respond, the motion to dismiss is deemed unopposed. *See* S.D. Tex. L.R. 7.4. As explained below, the motion should be granted.

## Background

On December 2, 2024, Bader sued Rocket Mortgage in state court. Dkt. 1-4 at 2. His petition concerns certain property at 11014 Rippling Fields Court in Houston, Texas 77064 (the "Property"), which at the time was posted for a foreclosure sale the following day. *See id.* at 3. The petition alleges that "[t]he Trustee representing the interest of the Lender" failed to send Bader a notice of foreclosure and notice of right to cure and did not provide reinstatement

figures.  *See id.* at 3-4.  The only asserted claims are for unjust enrichment, gross negligence, and breach of contract.  *See id.* at 4.

The trial court issued a temporary restraining order that expired in mid-December.  *See* Dkt. 1-4 at 18-20 (signed on December 2, 2024).  Although the record does not reflect that it was properly served, Rocket Mortgage timely removed the case based on diversity jurisdiction.  *See* Dkt. 1 at 2-3 (detailing facts supporting jurisdiction under 28 U.S.C. § 1332).

Thereafter, Rocket Mortgage requested a conference seeking permission to file a motion to dismiss.  Dkt. 5.  The Court convened a hearing to address the issue, Dkt. 8, at which Bader failed to appear, *see* Dkt. 9 at 1.  Nevertheless, the Court's order gave Bader an opportunity to amend his pleading before Rocket Mortgage could file a motion to dismiss.  *See* Dkt. 9 at 1-2.  The Court specified February 18, 2025 as Bader's deadline for filing an amended complaint.  *See id.* at 2.

Bader did not amend his pleading.  After the deadline expired, Rocket Mortgage filed its motion to dismiss this suit pursuant to Fed. R. Civ. P. 12(b)(6).  Dkt. 10 (filed February 24, 2025).  Bader did not respond to the motion, rendering it ripe for resolution.

## Legal standard

Dismissal under Rule 12(b)(6) is warranted if a party fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  To survive a

Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Rather, "[t]he complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *See Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009) (analyzing *Twombly*, 550 U.S. at 555-56). When resolving a Rule 12(b)(6) motion, the court "accept[s] all well-pleaded facts as true and view[s] those facts in the light most favorable to the plaintiffs." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quotation omitted).

Pro se pleadings are liberally construed. *Butler v. S. Porter*, 999 F.3d 287, 292 (5th Cir. 2021) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)). But "regardless of whether the plaintiff is proceeding pro se or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Prescott v. UTMB*

3

*Galveston Tex.*, 73 F.4th 315, 318 (5th Cir. 2023) (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)); *see also Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) ("[P]ro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level.").

## Analysis

As Rocket Mortgage maintains, and the Court agrees, Bader has not adequately pleaded his claims. *See* Dkt. 10. And despite being granted an opportunity to submit an amended pleading, *see* Dkt. 9 at 1-2, Bader failed to do so. Nor did Bader respond to the motion to dismiss. The proper remedy is to dismiss this suit with prejudice.

### I. Bader has not stated a plausible breach of contract claim.

Under Texas law, Bader's breach-of-contract claim has the following requirements: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff as a result of the defendant's breach." *Williams v. Wells Fargo Bank, N.A.*, 884 F.3d 239, 244 (5th Cir. 2018) (quoting *Caprock Inv. Corp. v. Montgomery*, 321 S.W.3d 91, 99 (Tex. App.—Eastland 2010, pet. denied)). A claim for breach of a deed of trust "must identify the specific provision in the contract that was breached." *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014) (per curiam).

Liberally construed, Bader's breach-of-contract theory complains that Rocket Mortgage failed to send contractually required notices of foreclosure and an opportunity to cure. *See* Dkt. 1-4 at 3-4. But as Rocket Mortgage observes, even if the contract (e.g., the promissory note or the deed of trust) requires it to provide those notices, the absence of a foreclosure sale precludes Bader from recovering damages. *See* Dkt. 10 at 5-6. Rocket Mortgage further asserts that Bader has not identified any other conceivable contractual provision that was breached. *See id.* at 5. The Court agrees with Rocket Mortgage's contentions.

Bader's allegations reflect that the foreclosure sale has not occurred. *See* Dkt. 1-4 at 5-6 (seeking to prevent the foreclosure sale, which was scheduled for the following day); *see also id.* at 18-20 (TRO). "If a foreclosure has not occurred, there are no damages recoverable under a breach of contract claim." *Jones v. NewRez LLC*, 2022 WL 16579330, at *4 (N.D. Tex. Oct. 7, 2022). And without recoverable damages, the breach-of-contract claim fails. *See, e.g.*, *Donnelly v. JPMorgan Chase Bank, N.A.*, 2015 WL 6701922, at *1 (S.D. Tex. Nov. 3, 2015) (adopting magistrate judge's conclusion that the absence of a foreclosure sale defeated a mortgagor's breach-of-contract claim). Moreover, Bader does not identify any other alleged breach of the promissory note or deed of trust, much less any resulting damages. This claim should be dismissed.

## II. Gross negligence is not a cognizable claim in this context.

The petition also raises a gross negligence claim, without any supporting facts. *See* Dkt. 1-4 at 4. Rocket Mortgage argues that this claim is barred by the economic loss rule and the absence of any legal duty. *See* Dkt. 10 at 7-8. Rocket Mortgage is correct.

First, the economic loss rule "generally precludes recovery in tort for economic losses resulting from the failure of a party to perform under a contract." *Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 12 (Tex. 2007) (citing *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494-95 (Tex. 1991)). "In operation, the rule restricts contracting parties to contractual remedies for those economic losses associated with the relationship, even when the breach might reasonably be viewed as a consequence of a contracting party's negligence." *Id.* at 12-13 (citing *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986)); *see also Mass v. Wells Fargo Bank, N.A.*, 2022 WL 61161, at *5 (S.D. Tex. Jan. 6, 2022) (citing *Colbert v. Wells Fargo Bank, N.A.*, 850 F. App'x 870, 876 (5th Cir. 2021)). That is the case here.

The petition accuses Rocket Mortgage of failing to send notices necessary to foreclose on the Property. *See* Dkt. 1-4 at 3-4. But the obligation to send those notices arises from the parties' agreements. Bader cannot repackage his breach-of-contract claim as a tort claim sounding in negligence. *See Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 767 (5th Cir. 2016) (affirming

6

dismissal of a negligence claim that stems "from an alleged violation of ... solely contractual duties").

Second, gross negligence requires a predicate finding of negligence. *See Dekelaita v. BP Amoco Chem. Co.*, 2008 WL 2964376, at *15 (S.D. Tex. July 30, 2008) (collecting Texas decisions for this principle); *Hall v. Stephenson*, 919 S.W.2d 454, 467 (Tex. App.—Fort Worth 1996, writ denied) ("[A] finding of ordinary negligence is a prerequisite to a finding of gross negligence."). Negligence claims require proof that the defendant breached a legal duty to the plaintiff. *See Espinoza v. Cargill Meat Sols. Corp.*, 622 F.3d 432, 443 (5th Cir. 2010) (listing the defendant's legal duty and its breach of that duty as two of the three elements). But Texas law does not recognize a general legal duty between a mortgagor and mortgagee. *See Sugarek v. Bank of Am., N.A.*, 2019 WL 13193216, at *8 (S.D. Tex. Sept. 11, 2019) ("Texas courts and courts in this district routinely dismiss negligence-based claims in the mortgage context for lack of an independent tort duty.") (collecting authorities).

The lack of a cognizable legal duty negates Bader's recovery for negligence. This also defeats Bader's gross negligence claim. *Davis v. Wells Fargo Bank, N.A.*, 976 F. Supp. 2d 870, 888 (S.D. Tex. 2013) (dismissing negligence and gross negligence claims because "Texas law does not recognize an independent legal duty between a mortgagor and mortgage[e] to support a

negligence claim"). Rocket Mortgage is entitled to dismissal of the gross negligence claim.

### III. Unjust enrichment is not actionable here.

Bader's final claim, for unjust enrichment, is flawed. *See* Dkt. 1-4 at 4. "A party may recover under the unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage." *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41 (Tex. 1992). But "when a valid, express contract covers the subject matter of the parties' dispute, there can be no recovery under a quasi-contract theory" like unjust enrichment. *See Fortune Prod. Co. v. Concoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000).

Bader's allegations reflect that Rocket Mortgage's challenged conduct—namely, its obligation to provide pre-foreclosure notices—are governed by the parties' contracts. No allegations indicate otherwise. That precludes Bader's alternative unjust enrichment claim, just as Rocket Mortgage asserts, Dkt. 10 at 8-9. *See, e.g., Dick v. Colo. Hous. Enters., L.L.C.*, 780 F. App'x 121, 126 (5th Cir. 2019) (affirming dismissal of unjust enrichment claim where the plaintiff failed to allege "that there was no valid express contract to govern the parties' dealings"); *Garcia v. LoanCare, LLC*, 2018 WL 3614813, at *10 (S.D. Tex. June 25, 2018) (unjust enrichment claim failed because "there is no dispute that the Promissory Note and Deed of Trust cover the parties' rights and obligations

8

with respect to the mortgage loan"), *adopted by* 2018 WL 3611070 (S.D. Tex. July 19, 2018). This Court should grant Rocket Mortgage's motion to dismiss all claims.

### Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Defendant Rocket Mortgage, LLC's motion to dismiss (Dkt. 10) be **GRANTED**, and that Plaintiff Matthew Bader's claims be **DISMISSED WITH PREJUDICE.**

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.** *Ortiz v. City of San Antonio Fire Dep't*, **806 F.3d 822, 825 (5th Cir. 2015).**

Signed on April 29, 2025, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge

9